UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JAMES JONES #339912** | **CIVIL ACTION** |
| **VERSUS** | **NO. 06-5477** |
| **LIONEL D. BERNIARD** | **SECTION: "J"(3)** |

### REPORT AND RECOMMENDATION

Plaintiff, James Jones, a state inmate, filed this *pro se* and *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983 against Lionel D. Berniard. In this lawsuit, plaintiff claims that he hired defendant, a private legal consultant, to review his case and that Berniard has neither assisted plaintiff or returned his paperwork.

Plaintiff filed this federal civil rights complaint *in forma pauperis*. An *in forma pauperis* complaint may be dismissed if it is determined that the action is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). The United States Fifth Circuit Court of Appeals has noted, "A district court may dismiss an IFP proceeding for frivolousness or maliciousness at any time, before or after service of process, and ... a district court is vested with especially broad discretion in determining whether such a dismissal is warranted." Bailey v. Johnson, 846 F.2d 1019, 1021 (5th Cir. 1988) (textual alteration and internal quotation marks omitted).

When evaluating the frivolousness of an action, the Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless."  Neitzke v. Williams, 490 U.S. 319, 327 (1989); Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994).  Thus, a complaint is frivolous "if it lacks an arguable basis in law or fact."  Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994); Booker v. Koonce, 2 F.3d 114, 115 & n.6 (5th Cir. 1993).

Construing plaintiff's complaint broadly,[1] the Court finds that plaintiff's allegations should be dismissed as frivolous and for failing to state a claim on which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B).[2]

In this lawsuit, plaintiff alleges that his mother hired defendant, a private "legal consultant,"[3] to conduct a thorough review of plaintiff's case.[4]  Plaintiff submitted his "legal work" for

---

[1] The court must liberally construe a *pro se* civil rights complaint.  See Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994).

[2] It unnecessary to hold a Spears hearing or to allow plaintiff an opportunity to amend his complaint because he has alleged his best case and the underlying defect in this case cannot be cured by an amendment.  See Jones v. Greninger, 188 F.3d 322, 327 (5th Cir. 1999); see also Juarez v. Short, 84 Fed. App'x 420, 424 (5th Cir. 2003).  Any amendment would be futile because plaintiff simply is not entitled to relief in this federal forum for the reasons set forth in this opinion.

[3] Plaintiff does not allege that defendant is an attorney, and the web site for the Louisiana State Bar Association does not list him as a member.  In the instant case, however, it is irrelevant whether he is an attorney, a paralegal, or some other type of legal consultant.

[4] The Court assumes that plaintiff is referring to his criminal conviction; however, for the purposes of this lawsuit, it makes no difference whether plaintiff is referring to a criminal or civil matter.

defendant's review. However, despite the passage of more than a year, defendant has neither provided any services nor returned plaintiff's paperwork.

Plaintiff filed this complaint on a form to be used by prisoners asserting claims pursuant to 42 U.S.C. § 1983. The United States Fifth Circuit Court of Appeals has noted:

> To state a claim under section 1983, a plaintiff must allege facts tending to show (1) that he has been deprived of a right secured by the Constitution and the laws of the United States, and (2) that the deprivation was caused by a person or persons acting under color of state law.

Bass v. Parkwood Hospital, 180 F.3d 234, 241 (5th Cir. 1999) (quotation marks omitted); see also Wong v. Stripling, 881 F.2d 200, 202 (5th Cir. 1989). In the instant case, plaintiff meets neither of these requirements. His claims implicate no federal constitutional or statutory rights; rather, they are, at best, state law claims for breach of contract and conversion. Moreover, the named defendant is a private citizen, not a state actor. Accordingly, plaintiff's federal civil rights claims are not cognizable under § 1983 and should be dismissed as frivolous and for failing to state a claim on which relief may be granted.[5] If plaintiff wishes to pursue this matter, he should do so in state court.

## RECOMMENDATION

It is therefore **RECOMMENDED** that plaintiff's federal civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim on which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B), but without prejudice to his asserting his state law claims in an appropriate state court forum.

---

[5] Even if plaintiff did not intend to file this lawsuit as a federal civil rights action, the lawsuit is still subject to dismissal. Plaintiff is suing a non-diverse defendant on what appear to be state law claims. No basis for federal jurisdiction is apparent from the complaint.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. <u>Douglass v. United Services Auto. Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this eighteenth day of September, 2006.

*[signature]*

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**